**[Cite as *Meade v. Balzer*, 2026-Ohio-3070.]**

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

DEJUAN MEADE
844 US 42 North
Delaware, OH 43015

  Petitioner

VS.

JEFFREY C. BALZER
Delaware County Sheriff

  Respondent

Case No. 26 CA D 05 0052

<u>Opinion And Judgment Entry</u>

Original Action: Habeas Corpus

Judgment:  Denied

Date of Judgment Entry: August 10, 2026

BEFORE:   Andrew J. King, William B. Hoffman**,** and Kevin W. Popham, Judges

APPEARANCES: Dejuan Meade, for Petitioner; Melissa A. Schiffel, Delaware County Prosecutor, Katheryn L. Munger, Assistant Prosecutor, for Respondent;

OPINION

*Popham, J.,*

{¶1}    Petitioner, Dejuan Meade, filed a petition for writ of habeas corpus alleging he is being held by an unreasonable bond and alleging the bond condition that restricts his use of social media violates his rights under the First Amendment of the United States Constitution. We disagree.

{¶2}    Petitioner faced multiple indictments stemming from a purported criminal enterprise involving alleged fraud and the use of social media to recruit participants in fraudulent schemes. It appears the State continues to investigate allegations against Meade

and seeks new indictments as additional evidence comes to light. When a new indictment is filed, the State dismisses the old indictment and elects to proceed on the new indictment. Petitioner's most recent indictment charges him with Engaging in a Pattern of Corrupt Activity, a felony of the first degree, six counts of Telecommunications Fraud, felonies of the third, fourth, and fifth degree, twelve counts of Identity Fraud, felonies of the third, fourth, and fifth degree, and two counts of Misuse of a Credit Card, felonies of the fourth degree.

{¶3} During the pendency of Meade's series of cases, the State attempted to have Meade's bond modified or revoked multiple times. The requests for bond modification primarily rested on allegations Petitioner was continuing to engage in criminal activity while on bond. The State also alleged Meade mislead the trial court about where he was living, which was a violation of the conditions of his bond. The trial court resisted modifying the bond finding the State had not presented sufficient evidence linking Petitioner to the social media accounts being used to recruit participants for criminal activity.

{¶4} At the third bond revocation hearing, the trial court was satisfied that the State had presented sufficient evidence linking Petitioner to ongoing criminal activity which was occurring while Petitioner was out on a personal recognizance bond. The trial court specifically found "This isn't proof beyond a reasonable doubt, and there certainly is really good circumstantial evidence now that it is him [making the comments on social media]." The trial court further explained, "[G]iven what's given rise is a blatant disregard because I've decided that there is sufficient linkage to what we're seeing online to the Defendant. It's circumstantial evidence. There's no doubt that it's circumstantial, but it's a lot of circumstantial evidence. And it's circumstantial evidence to me that's very legitimate and raises concerns, especially in light of the court's order that he's supposed to stay off social

media." The trial court set the bond in the current case in the amount of $200,000 with GPS monitoring. As a further condition of bond, Petitioner is prohibited from using social media.

{¶5} Respondent filed a motion to dismiss this petition for writ of habeas corpus alleging the complaint failed to state a claim upon which relief may be granted. We denied the motion to dismiss and granted the parties leave to file additional dispositive motions and evidence. Neither party has filed a dispositive motion, however, both parties have submitted various filings which this court will consider in issuing this decision pursuant to Loc.R. 45(E).

{¶6} The most recent decision from the Supreme Court of Ohio regarding habeas corpus and excessive bail established a de novo standard of appellate review. The Supreme Court stated, "Whether a particular bail determination is unconstitutionally excessive is a question of law appropriate for de novo review." *DuBose v. McGuffey,* 2022-Ohio-8, ¶ 15.

{¶7} The Supreme Court of Ohio also explained, "in an original action for a writ of habeas corpus, an appellate court may receive evidence and exercise its own discretion concerning a petitioner's bail." *Mohamed v. Eckelberry*, 2020-Ohio-4585, ¶ 5. This is not to say that every case warrants review. As with any action for habeas relief, the burden is on the petitioner to establish his right to release, *Chari v. Vore*, 91 Ohio St.3d 323, 325 (2001), and the petitioner must demonstrate "with particularity the extraordinary circumstances entitling him to habeas corpus relief," *State ex rel. Wilcox v. Seidner*, 76 Ohio St.3d 412, 414, (1996); *DuBose,* ¶ 16.

{¶8} Following the Supreme Court's decision in *Dubose,* the Ohio Constitution was amended to allow courts to consider public safety. This amendment provides, "When determining the amount of bail, the court shall consider public safety, including the

seriousness of the offense, and a person's criminal record, the likelihood a person will return to court, and any other factor the general assembly may prescribe." Ohio Const., art. I. § 9.

{¶9} Following the passage of this amendment, the Ohio Legislature enacted R.C. § 2937.011.

{¶10} Revised Code § 2937.011 provides:

(A) . . . [T]he court shall release the defendant on the least restrictive conditions that, in the discretion of the court, will reasonably assure the defendant's appearance in court, the protection or safety of any person or the community, and that the defendant will not obstruct the criminal justice process. If the court orders financial conditions of release, those financial conditions shall be related to public safety, the defendant's risk of nonappearance in court, the seriousness of the offense, and the previous criminal record of the defendant.

(B) Any financial conditions shall be in an amount and type that are least costly to the defendant while also sufficient to reasonably assure the defendant's future appearance in court.

...

(E) . . . [I]n determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including the following:

(1) The nature and circumstances of the crime charged[;]

(2) The weight of the evidence against the defendant;

(3) The confirmation of the defendant's identity;

(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence,

record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

(5) Whether the defendant is on probation [or the like][;]

(6) The considerations required under Ohio Constitution, Article I, Section 9.

{¶11} While the *Dubose* Court held the appellate standard of review for excessive bail cases is a de novo review, this holding was issued prior to the enactment of R.C. 2937.011. Revised Code 2937.011 allows the terms of bail to be set "in the discretion of the court." We question whether the enactment of R.C. 2937.011 has changed the standard of review in these cases to an abuse of discretion standard – particularly where no new evidence has been presented to the appellate court. Under either standard, we decline to issue the requested writ.

{¶12} In evaluating the bail set in this case under an abuse of discretion standard, we must consider whether the trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} We find the trial court did not abuse its discretion in setting the bond in this case in light of the seriousness of the offenses, the evidence that Meade violated the terms of his initial bond, and public safety concerns.

{¶14} We now turn to consideration of the petition under a de novo standard of review. We have reviewed the evidence presented by Petitioner and find he has failed to present sufficient evidence establishing his right to release. The only "evidence" presented by Petitioner is purported photocopies of his discovery from the criminal cases. Much of this evidence is illegible. There is no explanation as to what the photocopies depict. Petitioner argues he is not seen in the photographs which are contained in the discovery material; however, even assuming this is true, this does not demonstrate the case against him is weak.

Petitioner is charged with a conspiracy involving multiple participants. The State argues Petitioner recruited participants on social media and that he instructed them how to commit the fraud including advising participants on what to say and what to wear. A participant in a conspiracy does not need to be present for every portion of the criminal activity. Petitioner argues many of the charges against him are essentially duplicates. Again, he has presented no actual evidence regarding this contention.

{¶15} Having considered the lack of evidence presented by petitioner, the safety of the public, the seriousness of the offenses, Petitioner's inability to abide by the terms of bond previously set, and the risk of harm to the public, we find the bond of $200,000 is not excessive.

{¶16} Petitioner also contends that the bond condition ordering him to refrain from using social media violates his first amendment right to freedom of speech. First, we note the restriction is only in effect should Petitioner post bond. Assuming Petitioner does post bond, we find this restriction is narrowly tailored to protect the public from additional potential criminality. A "[d]efendant's First Amendment right to freedom of speech is not absolute." *State v. Eal*, 2012-Ohio-1373, ¶ 104 (10th Dist.). Here, we find there is a sufficient nexus between social media usage and the crimes charged which warrants the prohibition against using social media to prevent the possibility of future crimes.

{¶17}  For the reasons stated in our Opinion, the request for issuance of a writ of habeas corpus is denied.

{¶18}  Costs to Petitioner.


By: Popham, J.

King, P.J. and

Hoffman, J., concur